Filed 10/9/20  P. v. Pryer CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B298869 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA068111) |
| v. | |
| DESMOND ROMELL PRYER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joel L. Lofton, Judge.  Affirmed with directions.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant Desmond Romell Pryer appeals from the judgment of conviction entered after a jury trial for multiple sexual and violent offenses against his girlfriend, including forcible oral copulation, assault by means likely to produce great bodily injury, felony false imprisonment, attempting to dissuade a witness, and inflicting corporal injury on a person in a dating relationship.  In Pryer's first appeal, we rejected his argument the trial court violated his constitutional right to a jury trial by using his prior juvenile adjudication for purposes of sentencing under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).[1]  (*People v. Pryer* (Nov. 19, 2018, B283602 [nonpub. opn.] (*Pryer I*).)  However, we agreed with Pryer substantial evidence did not support Pryer's conviction of attempting to dissuade a witness under section 136.1, subdivision (a)(2), and the trial court erred in imposing a five-year sentence enhancement under section 667, subdivision (a)(1), because Pryer's prior juvenile adjudication did not constitute a prior serious felony conviction for purposes of the enhancement.  We remanded for resentencing and directed the trial on remand to exercise its discretion whether to impose or strike the prior prison term sentence enhancement under section 667.5, subdivision (b), and the great bodily injury enhancement under section 12022.7, subdivision (e), the court had imposed on count 5 for corporal injury on someone in a dating relationship.  We also ordered the trial court to correct Pryer's prejudgment custody credit to reflect 776 actual days of credit.

---

[1]    All undesignated statutory references are to the Penal Code.

2

On remand, the trial court resentenced Pryer to an aggregate term of 21 years in state prison, again sentencing him as a second-strike offender based on his prior juvenile adjudication for robbery. Pryer again appealed, asserting the identical contention we rejected in *Pryer I* that the trial court violated his constitutional right to a jury trial by using his prior juvenile adjudication for purposes of sentencing under the three strikes law. We agree with the People the law of the case doctrine bars reconsideration of whether use of Pryer's prior juvenile adjudication to sentence him under the three strikes law violated his constitutional rights. Further, Pryer has not presented any legal basis for concluding application of our prior decision would be unjust, thereby warranting an exception to the law of the case doctrine. However, Pryer also contends, the People concede, and we agree the abstract of judgment should be corrected to reflect 1,478 days of actual custody credit and the correct date of the resentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The 2017 Trial*

Pryer was convicted after a jury trial of forcible oral copulation (former § 288a, subd. (c)(2)(A); count 1), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), false imprisonment by violence (§ 236; count 3), attempting to dissuade a witness (§ 136.1, subd. (a)(2); count 4), and inflicting corporal injury on a person in a dating relationship

(§ 273.5, subd. (a); count 5).[2]  The jury also found true as to counts 2 and 5 that Pryer's commission of the offenses resulted in great bodily injury to the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)).

The trial court bifurcated the trial on Pryer's alleged prior convictions, and Pryer waived his right to a jury trial.  The court found true the allegation Pryer suffered a prior conviction of a serious or violent felony, which constituted a strike within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12), specifically, a 1991 juvenile adjudication for robbery (§ 211).  The trial court's finding as to the 1991 robbery was based on a juvenile delinquency proceeding under Welfare and Institutions Code section 602, in which Pryer admitted the allegation he committed a robbery in violation of section 211 and the juvenile court found Pryer was 17 years old at the time of the offense.  The court also found true Pryer suffered a 2013 conviction for possession for sale of cannabis for which he served a prison term (§ 667.5, subd. (b)).

The trial court sentenced Pryer to an aggregate state prison sentence of 33 years four months.  The court sentenced Pryer as a second-strike offender based on the prior juvenile adjudication and imposed additional five-year terms on counts 2 and 4 under section 667, subdivision (a)(1).  The court stayed imposition of a one-year prior prison term enhancement under section 667.5, subdivision (b).  The court did not address the great bodily injury enhancement allegation the jury found true as to count 5.  The court calculated Pryer's prejudgment custody credit as 775 days

---

[2]     The procedural history is taken from *Pryer I, supra*, B283602.  We do not set forth the evidence at trial because it is not at issue in this appeal.

4

actual custody plus 116 days of conduct credit under section 2933.1.  Pryer timely appealed.

B.    Pryer I

In *Pryer I*, we rejected Pryer's constitutional challenge to the trial court's use of his prior juvenile adjudication to enhance his sentence as a second-strike offender.  We explained, "Pryer contends because he did not have a right to a jury trial in his 1991 juvenile adjudication for robbery, the trial court's reliance on that adjudication to enhance his sentence under the three strikes law in the present proceeding violated his Sixth Amendment right to a jury trial.  Pryer acknowledges the Supreme Court has held that use of prior juvenile adjudications to enhance a defendant's sentence, notwithstanding the lack of a right to a jury trial, does not violate the defendant's Sixth Amendment right to a jury trial.  (See *People v. Nguyen* (2009) 46 Cal.4th 1007, 1028 (*Nguyen*) ['[T]he absence of a constitutional or statutory right to jury trial under the juvenile law does not, under *Apprendi*,[3] preclude the use of a prior juvenile adjudication of criminal misconduct to enhance the maximum sentence for a subsequent adult felony offense by the same person.'].)  However, Pryer contends recent decisions by the United States and California Supreme Courts have undermined the holding of *Nguyen*.  We disagree."  (*Pryer I, supra*, B283602.)

"Relying on *Descamps v. United States* (2013) 570 U.S. 254 . . . , *Mathis v. United States* (2016) 579 U.S. ___ [136 S.Ct. 2243] . . . , and *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), Pryer contends *Nguyen* is no longer controlling

---

3       *Apprendi v. New Jersey* (2000) 530 U.S. 466.

5

precedent. However, these cases did not involve the validity of using prior juvenile adjudications rendered without the right to a jury trial to enhance a sentence subsequently imposed on an adult convicted of a felony. Instead, each involved limits on judicial factfinding with respect to whether a prior conviction was for conduct that qualifies as a sentence enhancement." (*Pryer I, supra*, B283602.)

We concluded with respect to the Supreme Court's decision in *Gallardo, supra*, 4 Cal.5th 120, "Although *Gallardo* limited the scope of permissible factfinding by the sentencing court in determining whether the defendant suffered a prior conviction, it did not disturb *Nguyen*'s holding that a sentencing court may validly impose a sentence enhancement based on the fact of a prior juvenile adjudication, despite the lack of right to a jury trial in that proceeding. *Nguyen* remains controlling precedent binding on this court. (*People v. Martin* (2018) 26 Cal.App.5th 825, 832-833 ['"Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court."']; *People v. Chavez* (2018) 22 Cal.App.5th 663, 712 [same].)" (*Pryer I, supra*, B283602.)

We also rejected Pryer's argument the trial court engaged in impermissible factfinding regarding Pryer's prior juvenile adjudication. We concluded, "As a threshold matter, Pryer waived his right to a jury trial as to his prior conviction allegations. Thus, he cannot now complain that the trial court improperly usurped his right to have a jury decide whether he suffered a prior conviction under the three strikes law. (See *Nguyen, supra*, 46 Cal.4th at p. 1012 ['California statutory law afforded defendant the right to have a jury determine the

6

existence of the sentencing fact here at issue—whether he suffered a "prior felony conviction" as defined by the Three Strikes Law—but he waived that right.'].) [¶] Even if Pryer had not waived his right to a jury trial, the trial court did not engage in impermissible factfinding." (*Pryer I, supra*, B283602.)

However, we concluded substantial evidence did not support Pryer's conviction on count 4 for attempting to dissuade a witness under section 136.1, subdivision (a)(2), and the trial court erred by considering Pryer's juvenile adjudication for purposes of the five-year enhancements imposed under section 667, subdivision (a)(1). (*Pryer I, supra*, B283602.) We also found several sentencing errors and an error in calculation of Pryer's custody credits. We reversed Pryer's conviction on count 4 and remanded for resentencing with directions for the trial court (1) to vacate the five-year sentence enhancements under section 667, subdivision (a)(1); (2) to exercise its discretion under section 1385 whether to impose or strike the prior prison term allegation under section 667.5, subdivision (b); (3) to strike or impose but stay the enhancement on count 5 under section 12022.7, subdivision (e); and (4) to modify Pryer's prejudgment custody credits to reflect 776 actual days of credit. (*Pryer I, supra*, B283602.)

C.    *Resentencing on Remand*

Following issuance of the remittitur, on June 5, 2019 the trial court resentenced Pryer to an aggregate sentence of 21 years in state prison. The trial court selected count 1 for forcible oral copulation as the base term and imposed the upper term of eight

7

years, doubled as a second strike, for a total of 16 years.[4]  On count 2 for assault by means likely to produce great bodily injury, the court imposed a consecutive term of one year (one-third the middle term of three years), doubled as a second strike, plus 20 months (one-third the upper term of five years) for the great bodily injury enhancement under section 12022.7, subdivision (e), for a total of three years eight months.[5]  On count 3 for false imprisonment by violence, the court imposed a consecutive term of eight months (one-third the middle term of two years), doubled as a second strike, for 16 months.  As to count 5 for inflicting corporal injury on a person in a dating relationship, the court imposed and stayed a 13-year term (the upper term of four years, doubled as a second strike, plus the upper term of five years for the great bodily injury enhancement under § 12022.7, subd. (e)).  The trial court dismissed the one-year prior prison term enhancement allegation.  The court calculated the prejudgment credits as 776 actual days of credit plus 116 days of conduct credit, for a total of 892 days of presentence custody credit.

Pryer again appealed.

---

[4]  The abstract of judgment correctly lists the 16-year term, but incorrectly states the trial court imposed the middle term.  We order the abstract of judgment corrected to reflect that the court imposed the upper term on count 1.

[5]  The trial court described the sentence on count 2 as a "concurrent" term, but the court's calculation of the aggregate sentence of 21 years reflects a consecutive sentence, as shown in the abstract of judgment.

**DISCUSSION**

A.    *The Law of the Case Doctrine Bars Reconsideration of Pryer's Constitutional Challenge to the Trial Court's Finding True the Allegation Pryer Committed a Robbery When He Was 17 Years Old*

Pryer asserts on appeal the identical argument we rejected in *Pryer I*—that the California Supreme Court's decision in *Gallardo, supra*, 4 Cal.5th 120, is "fatally inconsistent" with its earlier decision in *Nguyen, supra*, 46 Cal.4th at page 1028, and the court's finding Pryer had committed a prior strike offense violated his Sixth Amendment right to a jury trial. We agree with the People the law of the case doctrine applies to bar our reconsideration of this argument.

"'The doctrine of "law of the case" deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case."' (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491; accord, *People v. Turner* (2004) 34 Cal.4th 406, 417.) Under the "unjust decision exception" to the doctrine, the Supreme Court has "declined to adhere to it where its application would result in an unjust decision, e.g., where there has been a manifest misapplication of existing principles resulting in substantial injustice, or where the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations. The unjust decision exception does not apply when there is a mere disagreement with the prior appellate

9

determination." (*Morohoshi*, at pp. 491-492; accord, *Turner*, at p. 417.)

Pryer has not pointed to a change in the law since our decision in *Pryer I* that would render application of the law of the case here unjust, instead arguing we misapplied the law in *Pryer I* by rejecting his argument the Supreme Court's decision in *Nguyen* is inconsistent with its later holding in *Gallardo*. We did not. As in *Pryer I*, Pryer's challenge lacks merit.

B.  *The Abstract of Judgment Must Be Corrected To Reflect 1,478 Actual Days of Credit*

Pryer contends, the People concede, and we agree the trial court erred in awarding Pryer 776 days of actual custody credit but not adding credit for the additional time Pryer was in custody following his initial sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23 ["When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'"].) The parties agree, as do we, that Pryer was entitled to 1,478 days of actual custody credit, counting the day of his arrest on May 20, 2015 and the day of his resentencing on June 5, 2019. (§ 2900.5, subd. (a); *People v. Denman* (2013) 218 Cal.App.4th 800, 814 ["Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."].) We order the abstract of judgment modified to reflect 1,478 actual days of custody credit. We also order the abstract of judgment modified, as noted by the People, to reflect that the resentencing was on June 5, 2019 (not July 3, 2017).

10

## DISPOSITION

The judgment is affirmed.  The abstract of judgment is ordered corrected to reflect (1) the trial court imposed the upper term on count 1; (2) Pryer was resentenced on June 5, 2019; and (3) Pryer is entitled to 1,478 actual days of custody credit.  The superior court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

11